IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

KEITH SHWAYDER,

Applicant,

v.

BLAKE DAVIS, WARDEN,
FCI ENGLEWOOD

Respondent.

## APPLICATION FOR WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. SECTION 2241

COMES NOW Keith Shwayder, Applicant in the above-styled action and hereinafter referred to as "Applicant," by and through undersigned counsel, and files his Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The Applicant contends that the Bureau of Prisons (hereinafter referred to as "BOP"), through its agent, Dr. Card, has violated the Applicant's Fifth and Fourteenth Amendments rights. Applicant moves this Honorable Court for relief, as follows:

### I. PARTIES

Applicant is a federal prisoner (prisoner number 31744-048) currently confined in FPC Englewood, Federal Correctional Institution, 9595 West Quincy Avenue, Littleton, Colorado 80123. Applicant was sentenced to serve 87 months on March 8, 2001 by the Honorable Philip M. Pro, United States District Judge of the U.S. District Court for the Southern District of Nevada.

Blake Davis, is the Warden of FCI Englewood Colorado with a mailing address of Federal Correctional Institution, 9595 West Quincy Avenue, Littleton, Colorado 80123.

## II. JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 2241. Applicant claims that for over a year he has been denied admission into the Residential Drug Abuse Treatment Program (hereinafter referred to as "RDAP") by Dr. Card, the program coordinator of the RDAP program in violation of Applicant's Equal Protection Rights pursuant to the Fifth and Fourteenth Amendments. Applicant further claims that exhausting his administrative remedies would be futile.

## III. CLAIM

Applicant's Equal Protection Rights have been violated as a result of the conduct of Dr. Card, an agent of the BOP, in that the Applicant has been treated differently from other similarly situated inmates and that such treatment was the result of intentional or purposeful discrimination.

## IV. EXHAUSTING ADMINISTRATIVE REMEDIES IS FUTILE AND IN THE ALTERNATIVE, IS INAPPLICABLE IN THIS INSTANCE

To state a claim for relief, a prisoner must (1) make a "short and plain statement of the claim," Fed. R. Civ. P. 8, and (2) "attach a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003) (quoting Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000)). Simmat v. U.S. Bureau of Prisons, 413 F.3d 1225, 1237 (10th Cir. 2005).

2

The BOP has established an administrative procedure through which an inmate may seek review of complaints relating to any aspect of his imprisonment. These procedures are set forth in 28 C.F.R. §§ 542.10-.19 (1998). The provisions allow for an informal resolution of the grievance before requiring a direct appeal. However, every federal appellate court faced with the issue as to whether exhaustion of remedies is absolutely required, has concluded that such exhaustion requirements are not a jurisdictional bar. Wyatt v. Terhune, 315 F.3d 1108, 1117 n.9 (9th Cir. 2003); Casanova v. Dubois, 289 F.3d 142, 147 (1st Cir. 2002); Ali v. District of Columbia, 278 F.3d 1 (D.C. Cir. 2002); Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000); Wright v. Hollingsworth, 260 F.3d 357, 358 n.2 (5th Cir. 2001); Massey v. Helman, 196 F.3d 727, 732 (7th Cir. 1999); Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000); Curry v. Scott, 249 F.3d 493, 501 n.2 (6th Cir. 2001); See also Basham v. Uphoff, No. 98-8013, 1998 WL 847689, at *3 (10th Cir. Dec. 8, 1998) (unpublished).

The Supreme Court held in Jones v. Bock, 127 S.Ct. 910, 921 (2007) that inmates are "not required to specially plead or demonstrate exhaustion in their complaints," Id. at 921. The Applicant asserts that pursing a direct appeal of his request to enter the RDAP program is futile and his repeated requests have been summarily and improperly denied. On separate occasions, the Applicant, when initially denied an interview by Dr. Card, RDAP coordinator for FCI Englewood, obtained additional information to demonstrate that he had been suffering from alcoholism prior to his arrest and indictment. Even when provided with additional documentation, Dr. Card still denied the Applicant entry into the RDAP program. [Exhibits 1-2]. Dr. Card interviewed the Applicant and even after considering additional supporting documentation consistent with BOP program statement

3

5330.10, Dr. Card denied the Applicant entry into the RDAP program. [Exhibit 3]. In addition, the Applicant had a well respected Rabbi contact the institution to further request Applicant's entry into the RDAP program. The Rabbi determined that the Warden and others had also reviewed the Applicant's request for entry into the RDAP program and had denied the same.

In each instance, the Applicant's request for entry into RDAP was denied and for the reasons stated below, was based on a systematic pattern of discrimination in violation of the Applicant's Fourteenth Amendment rights. A continued appeal, of a decision made by a doctor in the facility to other non-doctor administrative correctional employees, would be futile. Dr. Card had stated to the Applicant that, "any appeal to her would be rejected and an appeal to the warden would be rejected because he deferred to her." Given these facts and the constraints on the limited time remaining in the Applicant's sentence, there would be no further opportunity for entry into the RDAP program if a formal appeal was pursued.

Additionally, the Applicant feared retaliation if he had appealed Dr. Card's denial of his request to enter RDAP. In a similar case, inmate Samuel Burstyn, Registration No. 57143-004, had personally experienced retaliation as a result of his pursuit of the administrative remedy process. Nevertheless, Mr. Burstyn was eventually allowed to remain in the RDAP program due to the efforts of his attorney in demonstrating pervasive religious discrimination.

## V. FACTS IN SUPPORT OF CLAIM FOR RELIEF

The relevant facts in support of Applicant's habeas petition are summarized below and additional facts are outlined in Applicant's separately filed Memorandum of Law.

4

1. On November 6, 1996, the Applicant was indicted for racketeering, RICO conspiracy, conspiracy, securities fraud, wire fraud, and money laundering.

2. The Applicant, who had suffered from alcoholism, began seeking treatment from Dr. Ronald Rabin from January 3, 1997 through March 7, 1997. [Exhibits 1-3]. The Applicant was interviewed by Dr. Rabin prior to his conviction and prior to the preparation of a Presentencce Investigative Report (hereinafter referred to as "PSI").

3. Dr. Rabin determined that the Applicant met the diagnostic criteria for substance abuse or dependence as indicated in the criteria for DSM-IV and submitted those letters and contemporaneous notes to Dr. Card at the BOP. [Exhibits 1-3].

4. In June of 2006, the Applicant applied for admission to the RDAP program. Applicant was informed by Dr. Card that she would deny eligibility to the program if there was no previous mention of drug or alcohol abuse in the PSI.

5. In early 2007, Dr. Card granted the Applicant an interview, nine years after the evaluations were made by Dr. Rabin. At the outset, Dr. Card stated that she did not believe that the Applicant had an alcohol abuse problem, even after reviewing the letters and notes submitted by Dr. Rabin. The Applicant stated to Dr. Card that he previously would drink to excess at home, had problems with his marriage, and it was only when he was in prison that he understood that he had a serious drinking problem.

6. Dr. Card denied the Applicant entry into the RDAP program and stated that: (1) drug abuse was not shown in the eligibility interview; (2) a search of the records did not demonstrate drug abuse; and, (3) there was no mention of drug abuse in

the PSI. In response, Dr. Rabin again submitted specific findings to Dr. Card that the Applicant met the diagnostic criteria for substance abuse as indicated in the DSM-IV criteria and should be entitled to enter the RDAP program. [Exhibit 3]. These additional notes were ignored.

7. During the chronology of these events, inmate Samuel Burstyn, Registration No. 57143-004 who was in the RDAP program was demoted to an earlier class for disciplinary reasons. Mr. Burstyn filed for resolution of his grievance. Following this event, and as retaliation, Dr. Card did a personal inspection of his room. Mr. Burstyn had Passover food in his room based on his request of Father Ascencio, the head of the religious department at the Englewood facility. He also had religious articles in his room. Dr. Card berated him for asking for special food based on his religious practices and threw his Tfillen and Talis (Prayer Shawl) as well as other items on the ground while making further disparaging religious remarks. Dr. Card expelled Burstyn from the RDAP program. In addition, Dr. Card made disparaging comments, ethnically oriented, about Mr. Burstyn to other RDAP classmates. Only through a review, prompted by the intervention of Mr. Burstyn's legal counsel, did he rejoin the RDAP program.

8. In the initial stages of the Applicant's application to the RDAP program, Dr. Card confused the Applicant with Mr. Burstyn. Dr. Card's memory for names and faces of inmates is legendary in the program. The Applicant and Mr. Burstyn are of significantly different ages, heights, and physical appearance. They are only similar in that they are practicing Jews.

## VI.  PRIOR APPLICATIONS

There have been no prior applications made regarding the claim presented in this petition.

### VII. REQUEST FOR RELIEF

This Writ of Habeas Corpus Petition should be GRANTED and the Applicant should receive immediate access into the RDAP program. Any delay in affording the Applicant access into RDAP will deny him the full benefits consistent with 28 C.F.R 550.58. Therefore, it is requested that this Court expedite its review of the claims presented.

Applicant also requests the opportunity to amend his Application as needed.

DATED this 18th day of January, 2008.

Respectfully submitted,

s/Robert G. Levitt\_\_\_\_\_
Robert G. Levitt, Esq.
*Pro Bono Publico*
Counsel for Applicant
Colorado Reg. 24252
600 17th Street
Suite 2800 South
Denver, Colorado 80202
(303) 377-9000
Email address: rglevitt@aol.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of January, 2008, a true and correct copy of the foregoing APPLICATION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 was deposited in the U.S. Mail, postage prepaid, and sent to the following:

Warden Blake Davis
FCI Englewood Colorado
Federal Correctional Institution
9595 West Quincy Avenue
Littleton, Colorado 80123

United States Attorney
Office of the United States Attorney
1225 17th Street, Suite 700
Denver, Colorado 80202

s/Robert G. Levitt
Robert G. Levitt, Esq.