IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-00124-CMA-KLM

KEITH SHWAYDER,

    Applicant,

v.

BLAKE DAVIS, Warden, FCI Englewood,

    Respondent.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on an **Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2241** [Docket No. 1; Filed January 1, 2008] ("Application") filed by Keith Shwayder ("Applicant").  Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. LCivR. 72.1.C, the case has been referred to this Court for recommendation.  I have reviewed the Application, Respondent's **Response to Order to Show Cause** [Docket No. 16; Filed March 14, 2008], Applicant's **Reply to Government's Response to Order to Show Cause** [Docket No. 18; Filed March 31, 2008], the entire case file and the applicable law, and have been advised in the premises.  For reasons set forth below, the Court recommends that the Application be **DENIED**.

**I. Background**

    Applicant is an inmate at the Federal Prison Camp in Littleton, Colorado ("FPC-Englewood").  *Application* [#1] at 1.  On March 7, 2001, in the United States District Court

for the District of Nevada, Applicant was sentenced to an 87-month term of imprisonment. *Response* [#16], Ex. 1.   Applicant was committed to the custody of the Bureau of Prisons ("BOP") on January 9, 2004 and has a projected release date of May 1, 2010.  *Id.*

In June 2006, Applicant applied for admission into BOP's Residential Drug Abuse Treatment Program ("RDAP").  *Application* [#1] at 5.  Under 18 U.S.C. § 3621, the BOP may grant a sentence reduction of up to one year to inmates convicted of nonviolent offenses who successfully complete the RDAP.  To be eligible for participation in the RDAP, an inmate must have a verifiable documented substance abuse problem as determined by the BOP and be willing to participate in the RDAP. 18 U.S.C. § 3621(e)(5)(B); 28 C.F.R. § 550.56(a).

In determining whether an inmate has a diagnosable disorder for substance abuse, the BOP uses the criteria identified in the Diagnostic and Statistical Manual Disorders, 4th Edition ("DSM-IV).  *BOP Program Statement 533.10*, *Drug Abuse Manual, Inmates*.  This determination is made by a licensed clinical psychologist.  *Response* [#16], Ex. D ¶ 5.  The psychologist conducts an eligibility interview with the inmate to determine whether he meets the criteria set forth in the DSM-IV.  *BOP Program Statement 533.10.*  The DSM-IV criteria for substance abuse are:

> A. A maladaptive pattern of substance use leading to clinically significant impairment or distress, as manifested by one (or more) of the following, occurring within a 12-month period: (1) recurrent substance use resulting in a failure to fulfill major role obligations at work, school, or home (e.g., repeated absences or poor work performance related to substance use; substance-related absences, suspensions, or expulsions from school; neglect of children or household); (2) recurrent substances use in situations in which it is physically hazardous (e.g., driving an automobile or operating a machine when impaired by substance use); (3) recurrent substance-related legal problems (e.g., arrests for substance-related disorderly conduct); (4) continued substance use despite having persistent or recurrent social or interpersonal problems caused or exacerbated by the effects of the substance

> (e.g., arguments with spouse about consequences of intoxication, physical fights).
>
> B. The symptoms have never met the criteria for Substance Dependence for this class of substance.

*Response* [#16], Ex. D, ¶ 6.  The DSM-IV defines substance *dependence* as:

> A maladaptive pattern of substance use, leading to clinically, significant impairment or distress as manifested by three (or more) of the following, occurring at any time in the same 12-month period: (1) tolerance, as defined by either of the following: (a) a need for markedly increased amounts of the substance to achieve intoxication or desired effect (b) markedly diminished effect with continued use of the same amount of the substance (2) withdrawal, as manifested by either of the following: (a) the characteristic withdrawal syndrome for the substance (refer to Criteria A and B of the criteria sets for Withdrawal from the specific substances) (b) the same (or closely related) substance is taken to relieve or avoid withdrawal symptoms (3) the substance is often taken in larger amounts or over a longer period than was intended (4) there is a persistent desire or unsuccessful efforts to cut down or control substance use (5) a great deal of time is spent in activities necessary to obtain the substance (e.g., visiting multiple doctors or driving long distances), use the substance (e.g., chain smoking), or recover from its effects (6) important social occupational or recreational activities are given up or reduced because of substance use (7) the substance use is continued despite knowledge of having persistent or recurrent physical or psychological problem that is likely to have been caused or exacerbated by the substance (e.g., currently cocaine use despite recognition of cocaine-induced depression, or continued drinking despite recognition that an ulcer was made worse by alcohol consumption).

*Id.* ¶ 10.

In addition to meeting the DSM-IV criteria, for an inmate to be eligible for RDAP there must be a verification in the Presentence Investigative Report ("PSI") or similar documents which supports a substance abuse disorder diagnosis.  *Id.* Ex. C.

Applicant's request to be admitted to the RDAP was reviewed by Dr. AnnElizabeth Card, a psychologist and the Drug Abuse Programs Coordinator at FPC-Englewood.  *Id.* Ex. D, ¶ 1.  After their interview, Dr. Card found that Applicant did not meet any of the DSM-IV criteria for substance abuse; in this case, alcohol abuse.  *Id.* ¶ 7.  Dr. Card also relied on the PSI which states:

> The defendant denied any history of alcohol or illicit drug use whatsoever. This information was confirmed with the defendant's wife. As a result, the Probation Office was unable to uncover any evidence that would indicate that the defendant has ever unlawfully used controlled substances or suffered from a substance abuse problem.

*Id.* ¶ 8.

Based on these factors, Dr. Card found that Applicant was not qualified to participate in the RDAP.  *Response* [#16], Ex. B.

To support his position that he was suffering from alcoholism, Applicant provided Dr. Card with documentation from Dr. Ronald A. Rabin, a psychiatrist, indicating that Applicant met the criteria for alcohol abuse.  *Application* [#1] at 5.  Applicant alleges that he also informed Dr. Card that he would drink to excess at home, had problems in his marriage, and did not realize he had a serious drinking problem until he was incarcerated.  *Id.*

Applicant alleges that in denying him access to the RDAP, Dr. Card deprived him of equal protection of the laws in violation of the Fifth and Fourteenth Amendments.  *Id.* at 1.  He claims that Dr. Card refused him entry to RDAP because he is a practicing Jew.  *Id.* at 6.  Applicant cites the experience of a fellow Jewish inmate who he alleges was ejected from the RDAP because he had religious articles and Passover food in his room.  *Id.* Applicant claims that Dr. Card made "ethnically oriented" disparaging comments about this inmate.  *Id.*  Applicant seeks immediate admission to RDAP.

## II. Analysis

Respondent contends that the Application should be denied because Applicant has failed to properly and fully exhaust his administrative remedies. The BOP's administrative remedy procedure allows an inmate to "seek formal review of an issue relating to any aspect" of his confinement.  28 C.F.R.§ 542.10(a).  The inmate is required to present the

issue of concern to prison staff in an effort to resolve the issue informally. *Id.* § 542.13. If such an effort is unsuccessful, an inmate has twenty days from the date when the incident or decision in question occurred in which to file an administrative remedy. *Id.* § 542.14. An inmate who is not satisfied with the Warden's response may submit an appeal to the Regional Director within twenty days of the Warden's response. *Id.* § 542.15. Any further appeal must be made to the General Counsel. *Id.*

An inmate must exhaust the BOP's administrative remedy process before pursuing habeas relief under 28 U.S.C. § 2241. *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986). Judicial review should be "deferred until administrative remedies have been exhausted" because "the agency is in a superior position to investigate the facts." *Id.* "The purpose of administrative exhaustion is particularly applicable when the challenged action involves" a matter of agency discretion. *Bichon v. Wiley*, No. 96-cv-00111-EWN-MEH, 2006 WL 3293038, at *2 (D. Colo. Nov. 13, 2006). The exhaustion requirement is satisfied only if the inmate properly uses the available administrative procedures. *Davis v. Wiley*, No. 09-cv-00502-BNB, 2009 WL 1259637, at *1 (D. Colo. Apr. 30, 2009).

Applicant concedes that he failed to exhaust his administrative remedies, but claims that exhausting his claim would be futile. *Application* [#1] at 2.[1] The exhaustion requirement can be waived if exhaustion would be futile. *Adair v. Wilner*, No. 08-cv-02130-BNB, 2009 WL 153536, at *2 (D. Colo. Jan. 22, 2009); *Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993 (per curiam). However, the futility exception is "quite

---

[1] Contrary to Applicant's claim, *see Reply* [#18], Magistrate Judge Boland has not ruled on the merits of Applicant's argument that pursuit of administrative remedies would be futile. *See Order Discharging Show Cause Order* [#8].

narrow." *Holman v. Booker*, No. 98-3124, 1998 WL 864018, at *3 (10th Cir. Dec. 14, 1998)(unpublished disposition). In order for a prisoner's claim to be within the futility exception, he must be able to demonstrate that his administrative appeals would founder because of a procedural bar or because of a binding adverse administrative precedent. *Id.* at *4; *see also Wallace v. Cody*, 951 F.2d 1170, 1172 (10th Cir. 1991)(applying rule to 28 U.S.C. § 2254 petitions).

After Applicant received notice of Dr. Card's decision denying him entry into the RDAP, he did not pursue an appeal of that determination. He claims that he did not appeal Dr. Card's decision because "[a] continued appeal, of a decision made by a doctor in the facility to other non-doctor administrative correctional employees, would be futile." *Application* [#1] at 4. Applicant also alleges that Dr. Card told him that the Warden would reject his appeal and defer to her judgment. *Id.* Moreover, Applicant feared retaliation if he appealed Dr. Card's denial of his request to enter the RDAP. *Id.*

A prisoner may not exhaust administrative remedies "by, in essence, failing to employ them." *Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002). Conclusory allegations that pursuit of administrative remedies would be futile are insufficient to waive the exhaustion requirement. *Mackey v. Ward*, 128 Fed. Appx. 676, 677 (10th Cir. 2005). A prisoner cannot speculate that exhaustion would be futile, but must show affirmatively that exhausting the remedies would be useless. *Adair*, 2009 WL 153536, at *2.

Because the Applicant has not completed the BOP's process, he has no way of knowing if the administrative remedies would be futile. Even if the Warden affirmed Dr. Card's decision about Applicant's eligibility for the RDAP, Applicant still had available two

more levels of review, to the Regional Director and to General Counsel.[2] At either of these levels, Dr. Card's decision could have been overturned.  The exhaustion requirement is important because it protects administrative agency authority and promotes efficiency in adjudicating claims.  *Woodford v. Ngo*, 548 U.S. 81, 89 (2006).   By not completing the administrative remedy process, Applicant deprived the BOP of the opportunity to review and perhaps reconsider the decision to deny him entry in the RDAP and undermined the purposes of the exhaustion requirement.

In support of his futility argument, Applicant cites *Fraley v. U.S. Bureau of Prisons, supra.*  In that case, a prisoner sought credit against her sentence for time she spent under house arrest before her trial. 1 F.3d at 925. The prisoner filed a request for administrative remedy which was denied based on a BOP regulation that prohibits presentence credit for home confinement. *Id.*  The issue was not appealed further. *Id.* The Ninth Circuit held that further exhaustion would be futile because ay every level of review, BOP would deny relief by relying on the same policy.  *Id.*

In this case, Applicant was not denied entry into the RDAP based on a published BOP policy.  The decision here was a discretionary one, based on the determination of whether one particular inmate was eligible for participation in a drug treatment program.

---

[2] In support of his futility requirement, Applicant cites a letter he received from Christopher B. Synsvoll, a BOP attorney employed at the Federal Correctional Complex in Florence, Colorado.  *Docket # 7-2.*  The letter is apparently in response to documents submitted by Applicant.  The letter states that the decision regarding Applicant's eligibility for the RDAP was consistent with the Code of Federal Regulations and the BOP Program Statement concerning drug abuse programs.

Mr. Synsvoll is not the BOP's Regional Director or General Counsel and is thus not part of the administrative remedy process.  The letter certainly does not preordain, as Applicant maintains, the BOP's ultimate resolution of Applicant's claim. *See Applicant's Response* [#7] at 2.

*See Lopez v. Davis*, 531 U.S. 230, 239-244 (2001)(discussing BOP's discretionary authority in implementing drug treatment programs under 18 U.S.C. § 3621(e)). The case does not involve the application of "some binding adverse administrative precedent," *see Holman*, 1998 WL 864018, at *4, nor is it a case where "the agency has predetermined the issue before it," *Bichon*, 2006 WL 3293038, at *2. The *Fraley* decision is not applicable here.

In sum, Applicant failed to pursue the administrative remedies available to him. He is not entitled to a waiver of the exhaustion requirement based on futility. Therefore, the case is subject to dismissal for failure to exhaust administrative remedies.

### III. Conclusion

Based on the foregoing, I **RECOMMEND** that the Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be **DENIED** and the case **DISMISSED without prejudice**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review

by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  May 19, 2009

                                              BY THE COURT:

                                              _____
                                               s/ Kristen L. Mix
                                              U.S. Magistrate Judge