**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Civil Action No. 08-cv-00124-CMA-KLM

KEITH SHWAYDER,

     Applicant,

v.

BLAKE DAVIS, Warden, FCI Englewood,

     Respondent.

---

**ORDER AFFIRMING MAY 19, 2009 RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge Kristen Mix that Applicant Keith Shwayder's Application for Writ of Habeas Corpus be denied.  (Doc. # 21.)  Magistrate Judge Mix issued her Recommendation on May 19, 2009, and on May 29, 2009, Applicant filed timely Objections.  (Doc. # 22.)  In light of the Objections, the Court has conducted the requisite *de novo* review of the issues, Magistrate Judge Mix's Recommendation and Applicant's Objections.  Based on this review, the Court concludes that Magistrate Judge Mix's thorough and comprehensive analyses and recommendations are correct.  Thus, the Court will AFFIRM AND ADOPT Magistrate Judge Mix's Recommendation.

A habeas corpus petitioner typically must exhaust his administrative remedies before proceeding under 28 U.S.C. § 2241.  *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986).  With this well-established rule in mind, Magistrate Judge Boland

issued an Order to Show Cause at the outset this case requiring Applicant to explain why his case should not be summarily dismissed for Applicant's failure to exhaust his administrative remedies.  (Doc. # 6.)  Applicant responded to Magistrate Judge Boland's Order, Magistrate Judge Boland discharged the Order to Show Cause and directed the case to be drawn to a district judge and magistrate judge for further proceeding on the merits.

Judge Blackburn drew the case and referred it to Magistrate Judge Mix for handling.  (Doc. ## 10 and 12.)  Judge Blackburn also ordered Respondent Blake Davis to answer the Application, which Respondent did on March 14, 2008.  (Doc. # 16.) Applicant then filed a Reply to Respondent's answer (Doc. # 18), and the matter became ripe for determination.  After Applicant filed his Reply, the matter was randomly reassigned to the undersigned on October 22, 2008.  (Doc. # 19.)  The undersigned directed Magistrate Judge Mix to issue a Recommendation on April 28, 2009.  (Doc. # 20.)

Upon review of the briefs and evidence submitted, Magistrate Judge Mix found that Applicant did not exhaust his administrative remedies and that no exception to administrative exhaustion applied, so she recommended denial of his application. Applicant argues that Magistrate Judge Mix's recommendation to deny his Application cannot be squared with Magistrate Judge Boland's previous decision discharging the Order to Show Cause.  (*See* Doc. # 22.)

Based on a *de novo* review, the Court agrees with Magistrate Judge Mix, and finds that Applicant's objections cannot save his Application from dismissal.  Magistrate Judge Boland's discharge of the Order to Show Cause did not adjudicate this matter on the merits of Applicant's claim.  Instead, Magistrate Judge Boland intended only to pre-screen Applicant's claim and to enhance judicial efficiency by determining whether the case should be summarily dismissed before assigning the matter to a district judge and requiring Respondent to answer.  His review of the claim at that point was intentionally cursory and Magistrate Judge Boland's discharge of the Order to Show Cause did not create any law of the case or otherwise result in a binding decision excusing Applicant from exhausting his administrative remedies.  Indeed, Magistrate Judge Boland could not have rendered a decision on the merits of Applicant's claim because he only had the Application (Doc. # 1) and Applicant's Response to the Order to Show Cause (Doc. # 7) to go on; he did not have the benefit of Respondent's Answer (Doc. # 16) or Applicant's Reply brief.  (Doc. # 17.)  Moreover, Magistrate Judge Boland did not intend to establish any binding law of the case, as reflected by the brevity and lack of discussion in his Order discharging the Show Cause Order.

In contrast, Magistrate Judge Mix's Recommendation does operate as a full adjudication (or, at least, a recommendation for full adjudication) of the merits of Applicant's claim.  Magistrate Judge Mix had the benefit of full briefing on the issues and she operated under the presumption that her review and recommendation would constitute a full adjudication of the merits of this case.  (*See* Doc. # 20.)

Any inconsistency between Magistrate Judge Boland and Magistrate Judge Mix's decisions is also explained by the differing standards of review.  Magistrate Judge Boland's was cursory, whereas Magistrate Judge Mix's was *de novo*.  Another example of this type of distinction would occur when a court denies a defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), but later grants the defendant's motion for summary judgment on an identical issue under Federal Rule of Civil Procedure 56.  In short, different levels of review produce different results, but that does not mean that the different results are automatically incorrect.

Accordingly,

Applicant's Objections (Doc. # 22) are OVERRULED and the Recommendation of United States Magistrate Judge (Doc. # 21) is AFFIRMED AND ADOPTED.

IT IS FURTHER ORDERED that this case is DISMISSED WITHOUT PREJUDICE.

DATED:  June   12  , 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

4